UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVIER ERASTI KESSELL,

      Petitioner,

    v.                              Case No.:  2:26-cv-01685-SPC-NPM

U.S. HOMELAND SECURITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Davier Erasti Kessell's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Erasti Kessell is a native of Cuba who entered the United States as a child refugee in 2009.  On January 19, 2024, he was convicted of amphetamine trafficking and sentenced to three years in prison.  Immigration and Customs Enforcement ("ICE") commenced removal proceedings by issuing a notice to appear on October 1, 2025.  ICE took custody of Erasti Kessell on November 14, 2026, and served the notice to appear.  On March 11, 2026, an immigration judge ordered Erasti Kessell removed to Cuba.  Kessell and the government waived appeal, so the order became administratively final.  Kessell argues his continued detention is unlawful because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

ICE is required to detain Erasti Kessell during the removal period, which ends on June 9, 2026. If ICE is unable to remove him during the removal period and chooses to keep him detained, detention will be presumptively reasonable for an additional 90 days. Thus, the earliest Erasti Kessell can seek relief under *Zadvydas* is September 7, 2026. Accordingly, his Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record